### MCALLEN *v.* BERMAN.

1. BROKERS—COMMISSIONS—CONTRACT RELATION NOT BROKEN BY FIRST INEFFECTUAL EFFORT.

   Ineffectual efforts by broker to bring purchaser and owner to agreement upon terms at first meeting did not sunder broker's contract relation with owner or permit latter to deal with purchaser to exclusion of broker.

2. SAME—GREAT WEIGHT OF EVIDENCE.

   Finding of trial court that broker suing for commission was procuring cause of sale, *held*, supported by testimony, and not against great weight of evidence.

Error to Wayne; Merriam (DeWitt H.), J. Submitted October 28, 1930. (Docket No. 45, Calendar No. 35,176.) Decided December 2, 1930.

Assumpsit by Thomas J. McAllen against William Berman for real estate broker's commission. From judgment for plaintiff, defendant brings error. Affirmed.

As to when real estate broker is considered as procuring cause of sale, see annotation in 44 L. R. A. 321.

Effect upon right to commissions, of fact that owner sells to broker's customer at reduced price, see annotation in 15 L. R. A. (N. S.) 272; 34 L. R. A. (N. S.) 1050.

*Stephen V. Riffel,* for plaintiff.

*Friedman, Meyers & Keys,* for defendant.

Wiest, C. J.  This is an action by a real estate broker to recover a commission for producing a purchaser for defendant's property.  In the circuit the facts were found in favor of plaintiff, and, upon exceptions, review is here prosecuted.  If the findings stand there must be affirmance.

Defendant sold to William J. Andrews.  Plaintiff knew that Andrews was looking at defendant's property and obtained a commission agreement from defendant with sale to Andrews in mind.  The agreement provided that plaintiff should be paid a commission if he furnished a purchaser for the property at a price and terms defendant was willing to accept.  The right of plaintiff to produce a purchaser was declared not to be exclusive.  Plaintiff was active in trying to bring defendant and Andrews to an agreement, and claims that Andrews was willing, ready, and able to make the purchase upon terms designated by defendant, but, when the parties met to perfect the deal, defendant insisted upon additional matters to which Andrews would not accede.  Two weeks later defendant sold to Andrews and refused to pay plaintiff any commission.  It developed, by way of actual sale, that defendant was willing to accept price and terms agreeable to Andrews.  This leaves the sole question of whether Andrews, the purchaser, was procured by plaintiff.

Ineffectual efforts to bring the parties to agreement upon terms at the first meeting for such purpose did not sunder plaintiff's contract relation with defendant, or permit defendant to deal with Andrews to the exclusion of plaintiff.

It is somewhat significant that, within two weeks after such meeting and failure to agree, defendant and Andrews agreed upon a price, such price being approximately the former price fixed by defendant, less the amount of plaintiff's commission, the terms, however, being cash for defendant's equity instead of deferred payments.

The testimony supported the finding that plaintiff's efforts were the procuring cause of the sale, and we cannot hold the finding against the great weight of evidence.

The judgment is affirmed, with costs to plaintiff.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.